864 So.2d 351 (2002)
M.H.E.
v.
B.E.
2010203.
Court of Civil Appeals of Alabama.
July 26, 2002.
Certiorari Quashed May 16, 2003.
*352 Jennifer L. Atwell, Dothan, for appellant.
Joseph W. Lewis, Dothan, for appellee.
Alabama Supreme Court 1012126.

On Application for Rehearing
THOMPSON, Judge.
The opinion of May 17, 2002, is withdrawn and the following is substituted therefor.
D.E.E. and M.H.E. (hereinafter "the former wife") were divorced in August 1991. The divorce judgment made no reference to the paternity, custody, or support of the minor child born during the former wife's marriage to D.E.E. D.E.E. died after the divorce, but before the action underlying this appeal was filed; hereinafter we refer to him as "the decedent."
In March 2001, B.E., the decedent's mother, filed a petition seeking to modify the August 1991 divorce judgment. In that petition, B.E. alleged that the decedent was not the natural father of the child, and she sought to modify the August 1991 divorce judgment to so state. The former wife moved to dismiss the action, arguing that B.E. did not have standing to modify a divorce judgment to which she was not a party. The trial court allowed B.E. to refile her petition as a complaint seeking declaratory relief pursuant to the Alabama Uniform Parentage Act, § 26-17-1 et seq., Ala.Code 1975.
The trial court conducted a hearing and heard the arguments of the parties' attorneys. On November 16, 2001, the trial court entered a judgment finding that the decedent was not the natural father of the child. The former wife appealed.
On appeal, the former wife argues that B.E. did not have standing under § 26-17-6 et seq., Ala.Code 1975, to bring her action seeking declaratory relief. We agree. Section 26-17-6 provides:
*353 "(a) A child, a child's natural mother, or a man presumed to be the child's father under subdivision (1), (2), or (3) of Section 26-17-5(a), may bring an action at any time for the purpose of declaring the existence of the father and child relationship presumed under subdivision (1), (2), or (3) of Section 26-17-5(a), but for purposes of support, the action shall be brought before the child reaches the age of 19; or
"(b) Any interested party may bring an action at any time for the purpose of determining the existence or non-existence of the father and child relationship presumed under subdivision (4) or (5) or (6) of Section 26-17-5(a).
"(c) An action to determine the existence of the father and child relationship with respect to a child who has no presumed father under Section 26-17-5 may be brought by the child, the mother, or personal representative of the child, the public authority chargeable by law with support of the child, the personal representative or a parent of the mother if the mother has died, a man alleged or alleging himself to be the father, or the personal representative or a parent of the alleged father if the alleged father has died or is a minor."
Section 26-17-5, Ala.Code 1975, which is referred to repeatedly in § 26-17-6, sets forth those situations in which a man is presumed to be the natural father of a child. That section provides, in relevant part:
"(a) A man is presumed to be the natural father of a child if any of the following apply:
"(1) He and the child's natural mother are or have been married to each other and the child is born during the marriage, or within 300 days after the marriage is terminated by death, annulment, declaration of invalidity, or divorce, or after a decree of separation is entered by a court.
"(2) Before the child's birth he and the child's natural mother have attempted to marry each other by a marriage solemnized in apparent compliance with law, although the attempted marriage is or could be declared invalid ...
"....
"(3) After the child's birth, he and the child's natural mother have married, or attempted to marry, each other by a marriage solemnized in apparent compliance with the law although the attempted marriage is or could be declared invalid ...
"....
"(4) While the child is under the age of majority, he receives the child into his home or otherwise openly holds out the child as his natural child.
"(5) He acknowledges his paternity of the child in a writing filed in accordance with provisions of the legitimation statute.
"(6) He and the child's mother have executed an affidavit of paternity in accordance with the provisions of this chapter."
§ 26-17-5(a), Ala.Code 1975.
In this case, B.E. claimed to be an "interested party" under § 26-17-6(b), Ala.Code 1975. Under that section, however, B.E. could establish the nonexistence of the father-and-child relationship only if the father was presumed to be the father pursuant to § 26-17-5(a)(4), (5), or (6), Ala.Code 1975. § 26-17-6(b), Ala.Code 1975. However, it is undisputed that the child in question was born during the marriage between the decedent and the former wife. Therefore, under § 26-17-5(a)(1), Ala.Code 1975, the decedent is the presumed father of the child. Where a man is *354 presumed under § 26-17-5(a)(1) to be the natural father of a child, only the man, the child, or the child's mother may bring an action to declare the existence of the father-and-child relationship. § 26-17-6(a), Ala.Code 1975. We note that the provisions of § 26-17-6(c) do not apply in this case because that subsection governs the determination of a father-and-child relationship where the child has no presumed father.
B.E. argues that she has standing to bring her action under Ex parte L.F.B., 599 So.2d 1179 (Ala.1992). In Ex parte L.F.B., supra, the personal representative of the estate of a decedent who was presumed, under § 26-17-6, Ala.Code 1975, to be the father of a child petitioned for a declaration that the decedent was not the child's natural father. The trial court entered a summary judgment in favor of the child, finding that the personal representative had no standing to bring the paternity action. Our supreme court reversed the summary judgment, holding that because a paternity claim was equitable in nature, the personal representative of the decedent's estate had standing to bring the paternity action on the decedent's behalf. Ex parte L.F.B., 599 So.2d at 1182.
The facts of this case, however, are distinguishable from those of Ex parte L.F.B., supra. In Ex parte L.F.B., the personal representative of the estate of the decedent brought action seeking to declare the nonexistence of the father-and-child relationship. In this case, B.E. did not bring her action as the personal representative of the decedent's estate or on behalf of her son as his purported heir; B.E. filed the action that forms the basis of this appeal in her individual name.
B.E. lacked standing under § 26-17-6, Ala.Code 1975, to bring her action seeking to declare the nonexistence of the father-child relationship between the decedent and the child. "When a party without standing purports to commence an action, the trial court acquires no subjectmatter jurisdiction." State v. Property at 2018 Rainbow Drive, 740 So.2d 1025, 1028 (Ala.1999). Therefore, because the trial court lacked subject-matter jurisdiction, it erred in not dismissing B.E.'s action. Rule 12(h)(3), Ala. R. Civ. P.; State v. Property at 2018 Rainbow Drive, supra.
OPINION OF MAY 17, 2002, WITHDRAWN; OPINION SUBSTITUTED; APPLICATION FOR REHEARING OVERRULED; REVERSED AND REMANDED.
YATES, P.J., and PITTMAN, J., concur.
CRAWLEY, J., concurs in the result.